UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED

JAN 0 3 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-362-JBC

AKIRA MOTOI,  PLAINTIFF

V.  **MEMORANDUM OPINION AND ORDER**

THE BRISTOL GROUP, INC.,  DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On August 10, 2005, plaintiff Akira Motoi ("Motoi"), a citizen of Japan and a former employee of defendant The Bristol Group, Inc. ("Bristol"), filed this action in Fayette Circuit Court against Bristol, asserting claims against Bristol for breach of his employment contract, for breach of fiduciary duty, and for discrimination against him based on his race and status as a citizen of a foreign country, in violation of 42 U.S.C. § 1981.

Plaintiff seeks compensatory damages, an accounting, punitive damages, and his costs and attorney's fees.

On August 30, 2005, Bristol removed this action from Fayette Circuit Court pursuant to 28 U.S.C. § 1332.

This matter is before the court on plaintiff's motion to compel the completion of two different depositions: Bristol's Rule 30(b)(6) deposition and the individual deposition of J. Todd Ball, Bristol's president. [DE #50]. This motion has been fully briefed and is ripe for review.[1]

## II. PLAINTIFF'S MOTION TO COMPEL

As grounds for his motion to compel the completion of Bristol's Rule 30(b)(6) deposition and the completion of the individual deposition of J. Todd Ball, plaintiff contends that he was unable

---

[1] Pursuant to numerical ¶ 5 of the district court's Scheduling Order entered herein on February 27, 2006, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #10].

to complete these two depositions because Bristol delayed and impeded both depositions in the following respects: (1) during the individual deposition of J. Todd Ball taken on October 12, 2006, Bristol's counsel inappropriately instructed the deponent not to answer a question and otherwise asserted numerous, lengthy, and inappropriate interruptions and objections during the deposition; (2) prior to Bristol's Rule 30(b)(6) deposition that was taken on October 3, 2006, Bristol failed to provide documents to plaintiff in response to discovery requests served to Bristol on September 2, 2006, and did not produce documents responsive to these discovery requests until October 6, 2006, thereby depriving plaintiff of the opportunity to examine Bristol during its deposition on these documents; and (3) on October 12, 2006, the day of J. Todd Ball's deposition, Bristol provided plaintiff with a CD which contained additional documents responsive to plaintiff's discovery requests, and on November 7, 2006, Bristol produced additional documents to plaintiff. For all of these reasons, plaintiff asserts that he is entitled to obtain additional deposition testimony from both Bristol and from J. Todd Ball, individually.[2] Plaintiff has also requested the imposition of sanctions, including attorney's fees, against Bristol, due to what plaintiff characterizes as obstructionist behavior and the assertion of improper objections by Bristol's counsel during J. Todd Ball's deposition.

     Bristol objects to plaintiff's motion to compel, arguing that plaintiff has had two full days to depose J. Todd Ball, one day as Bristol's Rule 30(b)(6) designee, and one day in his individual capacity, for a total of fourteen (14) hours of deposition testimony. Bristol contends that a good portion of this time was expended on questions seeking irrelevant information and were not reasonably calculated to lead to the discovery of admissible evidence. Thus, in a nutshell, Bristol argues that since plaintiff spent excessive time during these two days of depositions asking questions concerning irrelevant information, plaintiff is not entitled to obtain any additional testimony from

---

[2] Plaintiff also notes that due to breaks, evasive responses, time taken off the record, and lengthy pauses before answering questions, the actual discovery time in J. Todd Ball's deposition did not total seven (7) hours.

either Bristol or from J. Todd Ball, individually. However, Bristol does acknowledge that it produced documents to plaintiff on October 6, 2006, subsequent to Bristol's Rule 30(b)(6) deposition on October 3, 2006, that it provided additional discovery to plaintiff on October 12, 2006, the day of J. Todd Ball's individual deposition, and that it provided yet more documents to plaintiff on November 7, 2006. Bristol has also requested the imposition of sanctions against plaintiff for having to respond to what Bristol believes to be a baseless motion to compel.

## Analysis

In considering plaintiff's motion to compel additional Rule 30(b)(6) deposition testimony from Bristol and from J. Todd Ball, individually, the Magistrate Judge is guided by Fed.R.Civ.P. 30(d)(2) and (3) which provides, as follows:

**Rule 30. Depositions Upon Oral Examination**

. . .

**(d) Schedule and Duration; Motion to Terminate or Limit Examination**

. . .

> (2) Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.
>
> (3) If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

Fed.R.Civ.P. 30(d)(2), (3).

Although plaintiff has had one full day to conduct a Rule 30(b)(6) deposition of Bristol and one full day to conduct the deposition of J. Todd Ball, it is undisputed that subsequent to both of these depositions, Bristol produced documents to plaintiff, which plaintiff did not have at his disposal and/or did not have the opportunity to review prior to these two depositions; therefore, plaintiff was unable to question the deponents about these documents during the depositions. Thus, it appears that due to the late production of certain documents by Bristol, plaintiff has not had the

3

opportunity to complete a fair examination of Bristol in its Rule 30(b)(6) deposition and of J. Todd Ball, individually.

Consequently, the Magistrate Judge is persuaded by plaintiff's motion to compel that, pursuant to Fed.R.Civ.P. 30(d)(2), plaintiff is entitled to obtain additional Rule 30(b)(6) deposition testimony from Bristol and from J. Todd Ball, individually. However, the Magistrate Judge concludes that plaintiff is not entitled to another full day of deposition testimony. Plaintiff is given an additional four (4) hours *in total* to complete either Bristol's Rule 30(b)(6) deposition or J. Todd Ball's deposition, and plaintiff is free to allocate this additional four hours between the two depositions in any way he chooses.

Concerning plaintiff's request for sanctions and defendant's request for sanctions, the Magistrate Judge is unpersuaded, at this time, that the conduct of either party's counsel warrants the imposition of sanctions.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel additional deposition testimony from defendant [DE #50] is **GRANTED**.

2. Plaintiff is given an additional four (4) hours in total to complete either Bristol's Rule 30(b)(6) deposition or J. Todd Ball's deposition, and plaintiff is free to allocate this additional four hours between the two depositions in any way he chooses.

3. Plaintiff's request for the imposition of sanctions against defendant is **DENIED**.

4. Defendant's request for the imposition of sanctions against plaintiff is **DENIED**.

This __3rd__ day of January, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE